CHARLES F. ULRICH, Appellant, *against* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

(Decided March 13th, 1885).

A passenger on a railway train, traveling free upon a pass good for free passage in the ordinary cars of the railroad company, who pays compensation for transportation in and is accepted as a passenger in a drawing-room car, becomes a passenger for hire, and is not bound by stipulations in the free pass exempting the railroad company from liability to him for injuries.

APPEAL from a judgment of this court entered upon the dismissal of a complaint at the trial.

The facts are stated in the opinion.

*George G. Munger*, for appellant.

*Frank Loomis*, for respondent.

VAN HOESEN, J.—The defendant contends that, inasmuch as the plaintiff was riding upon a free pass, he cannot recover even if his injuries were caused by the negligence

of its servants. The law of this state is that " an individual transported over the route of a carrier of passengers may debar himself, by a contract founded upon sufficient consideration, from any claim to damages for injuries to his person or property occasioned by the negligence of such corporation during the course of transportation " (*Seybolt* v. *New York, Lake Erie &c. R. R. Co.*, 95 N. Y. 573).

The pass that the plaintiff was using at the time of the accident provides that " the person accepting this free ticket thereby, and in consideration thereof, assumes all risk of accident, and expressly agrees that the company are not common carriers in respect to him, and shall not be liable, under any circumstances, whether of negligence by their agents or otherwise, for any injury to the person or for any loss or injury to his property while using this ticket." The plaintiff was using this free ticket undoubtedly, but he was also using another ticket, which he purchased and paid for. If he had been traveling on the free pass alone, the stipulations that it contains would have been a bar to his recovery. The language of the stipulation means that if the person using the pass accepts free passage he shall relinquish his right to compensation for injuries, and the law of this state holds that a free passage is itself a full consideration for a contract that will discharge a carrier of passengers from its common law liability. The pass entitled him to ride in one of the common cars of the company, but the plaintiff wished accommodations of a better kind, and therefore he applied for transportation in one of the drawing-room cars that form a part of the defendant's trains. He was accepted as a passenger in the drawing room car called the Empire, and paid $1 for transportation in that car to New York. If the free pass gave him the right to travel on the train it gave him no right to travel in that car, and it is evident that the rights and relations of the parties were changed by the sale to him of the ticket for the drawing-room car. He became a passenger for hire. Of that there can be no doubt, nor can there be any doubt that he was at the same time using a free pass. As a passenger for hire, who, in bargaining for

transportation in the drawing-room car, had made no contract that relieved the company from its liability for damages if he were injured through its negligence, the plaintiff has all the rights that the law gives to ordinary passengers ; and having paid for a ticket, he is not to be considered as one who, in consideration of a free passage, has agreed not to hold the company liable for injuries. The defendant voluntarily made a new contract, and cannot now ignore it and insist that the rights of the parties shall be measured by a contract that was intended to operate upon a condition of affairs that it has seen fit to change.

The defendant has taken money from the plaintiff for carrying him, and it has no right to say that he was a free passenger, and to ask the court to incorporate into the drawing-room ticket the provisions of the free pass.

Of course, we have heard the objection that the defendant did not, but that the Wagner Car Company did, make the contract to carry the plaintiff in the drawing-room car. We know nothing of the arrangement between the defendant and the Wagner Car Company, but as no one without leave of the defendant can run cars upon its track, we must assume that the drawing-room cars are run for the benefit of the defendant (*Thorpe* v. *New York Central &c. R. R. Co.*, 76 N. Y. 409).

The judgment should be reversed and a new trial ordered, with costs to abide the event.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.